UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-21865-CIV-MORENO/LOUIS

PALM SPRINGS MILE ASSOCIATES, LTD.,
a Florida limited partnership; and PHILIPS
LAKE WORTH LLC, a Florida limited
Partnership,

    Plaintiffs,

vs.

ROSS DRESS FOR LESS, INC., a
Virginia corporation; and ROSS STORES,
INC., a Delaware corporation,

    Defendants.
_____/

## AMENDED COMPLAINT

PALM SPRINGS MILE ASSOCIATES, LTD. and PHILIPS LAKE WORTH LLC hereby sue ROSS DRESS FOR LESS, INC., and ROSS STORES, INC. (collectively, "Ross Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action for breach of leases and guarantees, seeking damages in excess of $5.5 million, and for declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Ross – a major tenant, with three (3) separate stores, in Plaintiffs' shopping centers – has implemented a predetermined, national policy of refusing to pay rent when due.

3. Invoking the circumstances of COVID-19, they have engaged in economic self-help by failing and refusing to meet their contractual obligations to pay rent and other charges for the spaces they lease from the Plaintiffs.

4. The Plaintiffs, of course, recognize the challenges posed by COVID-19, including on their own business – as their financial obligations (for which they depend on their tenants' rent payments) remain. Under the express terms and provisions of the Defendants' leases and guarantees, however, the Ross Defendants are obligated to pay rent and that obligation is not excused.

5. Nevertheless, in early April of 2020, the Ross Defendants announced their intent not to pay rent and then repudiated their obligation to pay future rent in advance of the next due date. True to their word, they failed to pay rent when due on May 1, 2020.

6. Accordingly, the Plaintiffs were forced to take this legal action to compel Defendants' compliance with their payment obligations.

7. The facts are set forth in detail below.

## THE PARTIES AND JURISDICTION

8. Plaintiff PALM SPRINGS MILE ASSOCIATES, LTD. ("PSM") is a Florida limited liability company, with its principal place of business in Miami-Dade County, Florida. Its partners are as follows:

   a. SL Florida LLC, a Florida limited liability company, whose members are Sheila Chess, who is domiciled in and a citizen of New York; Sheila Levine Irrevocable Grantor Trust, a traditional trust, whose trustee is Jordan Pilevsky, a citizen of New York; and Palm Mile Corp., a New York corporation with its principal place of business in New York;

   b. Allen Pilevsky, who is domiciled in and a citizen of New York;

   c. Palm Springs Mile GP LLC, a Delaware limited liability company, whose members are as follows:

    i.    Philip Pilevsky, who is domiciled in and a citizen of New York;

    ii.    PP Palm Springs Mile LLC, a Delaware limited liability company, whose sole member is Philip Pilevsky, who is domiciled in and a citizen of New York;

    iii.    SIP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

        a.    SIP Hialeah Trust, a traditional trust, whose trustees are Michael T. Pilevsky, who is domiciled in and a citizen of New York; and Samantha J. Hoffman, who is domiciled in and a citizen of New Jersey; and

        b.    SIP Descendants Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York;

    iv.    SJH Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

        a.    SJH Hialeah Trust, a traditional trust, whose trustees are Seth Pilevsky, who is domiciled in and a citizen of New York; and Michael Pilevsky, who is domiciled in and a citizen of New York; and

        b.    SJH Descendants Hialeah Trust, a traditional trust, whose trustee is Samantha Hoffman, who is domiciled in and a citizen of New Jersey;

    v.  MTP Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

        a. MTP Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York; and

        b. MTP Descendants Hialeah Trust, a traditional trust, whose trustee is Michael Pilevsky, who is domiciled in and a citizen of New York;

    vi.  HSL Palm Springs Mile LLC, a Delaware limited liability company, whose members are as follows:

        a. HSL Hialeah Trust, a traditional trust, whose trustees are Michael Pilevsky, who is domiciled in and of New York; and Josef Leifer, who is domiciled in and a citizen of New Jersey; and

        b. HSL Descendants Hialeah Trust, a traditional trust, whose trustees are Heidi Leifer, who is domiciled in and a citizen of New Jersey; and Josef Leifer, who is domiciled in and a citizen of New Jersey;

    vii.  Corinne Sprung, who is domiciled in and a citizen of New York;

    viii.  Jordan Pilevsky, who is domiciled in and a citizen of New York;

    ix.  Stephanie Pilevsky, who is domiciled in and a citizen of New York; and

    x.  Joshua Levine, who is domiciled in and a citizen of New York.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

9. Plaintiff PHILIPS LAKE WORTH LLC ("PLW") is a Florida limited liability company, with its principal place of business in Palm Beach County, Florida. Its sole member is PL Lake Worth, LLC, whose members are as follows:

   a. Four individuals as follows: Michael Pilevsky, who is domiciled in and a citizen of New York; Corinne Sprung, who is domiciled in and a citizen of New York; Josef Leifer, who is domiciled in and a citizen of New Jersey; and Sheila Chess, who is domiciled in and a citizen of New York;

   b. JL Trust, a traditional trust, whose Trustee is Philip Pilevsky, who is domiciled in and a citizen of New York; and,

   c. Lake Worth LP Member LLC, whose members are as follows:

      i. Seth I. Pilevsky Descendants Trust, a traditional trust, whose Trustee is Michael Pilevsky, who is domiciled in and a citizen of New York;

      ii. Seth Pilevsky, who is domiciled in and a citizen of New York; and

      iii. Four traditional trusts – The Andrew Leifer 2503(c) Trust, The Molly Leifer 2503(c) Trust, The Matthew Leifer 2503(c) Trust, and The Ella Leifer 2503(c) Trust – whose Trustees are Josef Leifer, who is domiciled in and a citizen of New Jersey.

10. Defendant ROSS DRESS FOR LESS, INC. ("Tenant") is a Virginia corporation with its principal place of business in Dublin, California.

11. Defendant ROSS STORES, INC. ("Guarantor") is a Delaware corporation with its principal place of business in Dublin, California.

5

12. This Court has jurisdiction under diversity principles pursuant to 28 U.S.C. §§ 1332. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

13. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and where the payment being sought is due.

14. This Court has personal jurisdiction under Florida's long-arm statute, through Defendants' operation of retail stores in this district. Defendants operate, conduct, engage in, and carry on business or business ventures in this state or have an office or agency in this state; have caused injury to persons or property within this state arising out of an act or omission by the Defendants outside this state, while the Defendants were engaged in solicitation or service activities within this state; and breached contracts in this state by failing to perform acts required by the contracts to be performed in this state. Defendants regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed or services rendered in this state. The activities of Defendants within the state are substantial and not isolated. In addition, this action arises out of transactions and operations connected with and incidental to Defendants' business within the state and, specifically, the business relationship between Plaintiffs and Defendants.

## **GENERAL ALLEGATIONS**

### **The Ross Hialeah Lease – Store #511**

15. On or about July 27, 2000, PSM, as Landlord, and Tenant's predecessor in interest, as Tenant, entered into a Lease (the "511 Lease") for the Premises, as defined in the 511 Lease, consisting of an approximately 30,936 square foot area in the Palm Springs Mile Shopping Center

located in Hialeah, Florida and owned by PSM. Tenant operates the Ross Dress for Less Store #511 at the Premises.

16. PSM references and incorporates the 511 Lease, as amended, and the terms as defined therein, a true and correct copy of which is Exhibit "1" hereto.

17. The 511 Lease, as amended, is for a term of years expiring on January 31, 2022. The total Rent and other charges for the remaining term of the 511 Lease are in excess of $1.1 million.

18. On or about July 27, 2009, the Guarantor executed and delivered to PSM a Guaranty of the 511 Lease ("511 Guaranty"), which guaranteed "the performance of all obligations of Tenant under the Lease." A true and correct copy of the 511 Guaranty is attached as Exhibit "2" hereto.

19. Tenant is currently in possession of the 511 Premises, pursuant to the 511 Lease.

### The Ross Lake Worth Lease – Store # 1345

20. On or about September 22, 2009, PLW (as Landlord) and Tenant, entered into a Lease (the "1345 Lease") for the Premises, as defined in the 1345 Lease, consisting of an approximately 25,668 square foot area in the Palm Springs Plaza Shopping Center located in Lake Worth, Florida and owned by PLW. Tenant operates the Ross Dress for Less Store #1345 at the Premises.

21. PLW references and incorporates the 1345 Lease, as amended, and the terms as defined therein, a true and correct copy of which is Exhibit "3" hereto.

22. The 1345 Lease, as amended, is for a term of years expiring on January 31, 2026. The total Rent and other charges for the remaining term of the 1345 Lease are in excess of $2.4 million.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

23. On or about September 22, 2009, the Guarantor executed and delivered to PLW a Guaranty of the 1345 Lease ("1345 Guaranty"), which guaranteed "the performance of all obligations of Tenant under the Lease." A true and correct copy of the 1345 Guaranty is attached as Exhibit "4" hereto.

24. Tenant is currently in possession of the 1345 Premises, pursuant to the 1345 Lease.

### The DD Store Lease – Store # 5296

25. On or about May 14, 2015, PLW (as Landlord) and Tenant, entered into a Lease (the "5296 Lease") for the Premises, as defined in the 5296 Lease, consisting of an approximately 24,592 square foot area in the Palm Springs Plaza Shopping Center located in Lake Worth, Florida and owned by PLW. Tenant operates DD Store #5296 at the Premises.

26. PLW references and incorporates the 5296 Lease, as amended, and the terms as defined therein, a true and correct copy of which is Exhibit "5" hereto.

27. The 5296 Lease, as amended, is for a term of years expiring on January 31, 2027. The total Rent and other charges for the remaining term of the 511 Lease are in excess of $2 million.

28. On or about May 14, 2015, the Guarantor executed and delivered to PLW a Guaranty of the 5296 Lease ("5296 Guaranty"), which guaranteed "the performance of all obligations of Tenant under the Lease." A true and correct copy of the 5296 Guaranty is attached as Exhibit "6" hereto.

29. Tenant is currently in possession of the 5296 Premises, pursuant to the 5296 Lease.

30. PSM and PLW will be referred to collectively as "Plaintiffs." The 511, 1345 and 5296 Leases will be referred to collectively as "Leases." The 511, 1345 and 5296 Guarantees will be referred to collectively as "Guarantees."

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

**The Covid-19 Circumstances Do Not Excuse Payment of Rent**

31. The Plaintiffs themselves are experiencing the challenges posed by COVID-19 on their own business – as their financial obligations (for which they depend on their tenants' rent payments) remain. Under the express terms and provisions of the Leases and Guarantees, however, Defendants are obligated to pay Rent and that obligation is not excused.

32. While the Leases do contain a force majeure provision (Article 26.11 in the 511 Lease; 26.13 in the 1345 and 5296 Leases), the provision does not apply to these circumstances. The provision also excludes from its scope the "making of payments." Accordingly, since the provision is not applicable, and the Tenant's failure to pay rent is not excused, there is no contractual basis for the Tenant to avoid its obligation to pay rent.

**Tenant and Guarantor's Breaches of the Leases and Guarantees**

33. Nevertheless, invoking the circumstances of COVID-19, the Ross Defendants have engaged in economic self-help in breach of the Leases and Guarantees by failing and refusing to meet their contractual obligations to pay rent and other charges for the Premises they lease from the Plaintiffs.

34. Their actions were pursuant to a predetermined, national policy of refusing to pay rent when due, without regard to their contractual obligations or the economic detriment caused to their landlords by the non-payments.

35. Thus, by letter dated March 31, 2020 (Exhibit "7" hereto), Defendants' Group Executive Vice President wrote that Defendants had made the "decision to temporarily close all of its stores." The letter indicated that Defendants would "*advance* April rent," but provided notice that "[i]n the coming days and weeks," they would be demanding "rent relief and credit" for the future. (Emphasis added).

36. By email on April 9, 2020 (Exhibit "8" hereto), Ross's Director of Real Estate forwarded a Letter of Intent ("LOI") for the Landlords to sign "regarding rent now and going forward until we're out of this mess." The LOI provided for "**No Rent**," and demanded that the Landlord confirm "Tenant shall not owe any, and Landlord agrees to abate, all rentals under the Lease" for indefinite future.   (Emphasis original).

37. The LOI also explained what Ross had meant by the term "*advance*" with respect to the April rent, in its prior letter of March 31, 2020. According to Ross, the funds were "prepaid rent," which Landlord was to "credit . . . against Tenant's future rent and lessor charges."

38. In a follow up phone conversation, the Plaintiffs' Senior Vice President advised that the LOI was not acceptable, and that rent needed to be paid on time and unconditionally. Plaintiffs then sent a counter-proposal in the form of a revised LOI by email on April 22, 2020 (Exhibit "9" hereto).

39. Five days later, by email on April 27, 2020 (Exhibit "10" hereto), Ross' Real Estate Director rejected the counter proposal, sarcastically asking "Did you read it" and advising "your proposal won't fly so we'll just go from here."

40. Ross made no further proposals or offers. Instead, by letter dated April 30, 2020 (Exhibit "11" hereto) – prior to the due date for the next payment under the Leases – Ross' Group Executive Vice President emailed another letter stating that "Ross is not required to pay rent or additional charges" and advising that "Ross does not intend to advance rent or additional charges for the month of May 2020 or possibly thereafter until its business has been reestablished to its pre-pandemic level."

41.     Having anticipatorily repudiated its obligation to pay Rent on May 1, 2020 and thereafter, Tenant then breached its obligations in fact by failing to pay Rent when due on May 1, 2020.

42.     Guarantor also failed to pay as required pursuant to the Guarantees.

43.     The Ross Defendants' actions in anticipatorily repudiating and then breaching their payment obligations, waived and excused any further notices or demands by Plaintiffs to seek payment. As their conduct and communications also demonstrated, any further notices or demands by Plaintiffs were futile and would have been in vain.

44.     As well, the Ross Defendants' failure and refusal even to respond to the Landlord's April 22 proposal – other than to say it "won't fly so we'll just go from here" – demonstrates the futility of any further efforts by Landlord informally to resolve or mediate the Ross Defendants' premeditated and unilateral refusal to pay as obligated under the Leases.

45.     The Ross Defendants had made a predetermined decision not to pay rent, had cut of negotiations, and had no intent to reconsider their position.

46.     Nevertheless, the Landlord, through counsel, did send a further demand for payment on May 4, 2020 (Exhibit "12" hereto), and an offer to "try in good faith to settle the dispute, including by mediation" (Exhibit "13" hereto).[1]

47.     The Ross Defendants, however, neither paid nor agreed to mediate. Instead, in a letter dated May 13, 2020 (Exhibit "14" hereto), through counsel, they again confirmed their

---

[1] While Landlord offered to mediate, mediation is not a precondition to filing an action for damages. *See* 5296 Lease at Art. 20.3. As well, the Leases provide that "either party" to the Lease may decline "to participate in mediation" and exercise "the option" to have the dispute "determined by suit or action in court." *Id.* Art. 20.2.2.

11

refusal to pay Rent and provided further notice that they were "withholding rent" for the future. The letter also provided notice that the Ross Defendants would not participate in mediation.

48. That response re-confirmed the futility of any notices or demands by Landlord, as the Ross Defendants' predetermined refusal and anticipatory repudiation of their obligations to pay rent had already demonstrated.

49. Additionally, given the Ross Defendants' refusal to participate in mediation, this dispute must be determined by this Court.

50. Accordingly, all conditions precedent to the filing of this action have been fulfilled, satisfied, waived, excused or are futile.

51. Plaintiffs again declare and assert the defaults, and declare the full amount of the Rents and charges for the remaining term of the Leases to now be due, in excess of $5.5 million.

52. This action does not waive the right of Plaintiffs, which is expressly reserved, to seek eviction of Tenant, including in a separate legal action.

53. Pursuant to the Leases, including Article 20.4.2, and the Guarantees, Plaintiffs are entitled to the award of reasonable attorneys' fees and costs from Defendants.

54. Plaintiffs have retained the law firm of Coffey Burlington, P.L. and is obligated to pay the firm a reasonable fee.

## COUNT I

## ACTION FOR PAST DUE RENTS

55. Plaintiffs repeat and re-allege the allegations contained above as if fully set forth herein, and further states as follows:

56. This is an action for damages arising out of Tenant's breach of the Leases.

57. Plaintiffs and Tenant entered into the Leases as alleged above.

58. Tenant anticipatorily repudiated its obligation to pay pursuant to the Leases.

59. Tenant then failed to pay, when due, the rents and other charges pursuant to the Leases, and is therefore in default of the Leases.

60. Plaintiffs made demand upon the Tenant for payment of the amounts due, but despite the demand, Tenant failed to pay.

61. As a direct and proximate result of Tenant's breaches, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs demand judgment against Tenant for the past-due amounts under the Leases, as well as for additional Rent and other charges that may continue to accrue, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT II

## ACTION FOR ACCELERATED RENTS

62. Plaintiffs repeat and re-allege the allegations contained above as if fully set forth herein, and further state as follows:

63. This is an action for damages arising out of Tenant's breaches of the Leases.

64. Plaintiffs and Tenant entered into the Leases as alleged above.

65. Tenant anticipatorily repudiated its obligation to pay pursuant to the Leases.

66. Tenant then failed to pay, when due, the rents and other charges pursuant to the Leases, and is therefore in default of the Leases.

67. Plaintiffs made demand upon the Tenant for payment of the amounts due, but despite the demand, the Tenant failed to pay the amounts.

68.     Tenant, moreover, has further advised that is "withholding rent" and that its non-payment of Rent will continue, which is an anticipatory repudiation and breach of its ongoing payment obligations under the Leases.

69.     Accordingly, Plaintiffs are entitled to any and all remedies available under the Leases, and as expressly provided by the Leases, "all other remedies at law, or in equity." Leases, Art. 5.6.

70.     Pursuant to Article 20 of the Leases, and applicable Florida law, based on the Tenant's default, repudiation and anticipatory breach of its obligations under the Leases, the Plaintiffs are entitled to accelerate the Tenant's obligation to pay the balance of the future Rents and other charges for the full remaining term of the Leases, which are in excess of $5.5 million. Plaintiffs have declared and hereby asserts the default and declares the full amount of the Rents and other charges for the remaining term of the Leases to now be due.[2]

WHEREFORE, Plaintiffs demand judgment against Tenant for the full amount of future Rents and charges under the Leases, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT III

## ACTION ON THE GUARANTY

71.     Plaintiffs repeat and re-allege the allegations contained above as if fully set forth herein, and further state as follows:

---

[2] Plaintiffs expressly reserve and in no way waive their rights to terminate the Leases or Tenant's right of possession, or to seek eviction of the Tenant – although those rights are not being pursued in this action.

72.     The Guarantor executed and delivered the Guarantees to Plaintiffs, which guaranteed "the performance of all obligations of Tenant under the Lease."

73.     As alleged above, Tenant anticipatorily repudiated its obligation to pay pursuant to the Leases.

74.     Tenant then failed to pay, when due, the rents and other charges pursuant to the Leases, and is therefore in default of the Leases.

75.     The Guarantor has also failed to pay or cause to be paid the amounts due. Accordingly, the Guarantor is in breach of the Guarantees.

76.     Defendants, moreover, have further advised that they are "withholding rent" and that their non-payment of Rent will continue, which is an anticipatory repudiation and breach of its ongoing payment obligations under the Leases and Guarantees.

77.     The payment obligations under the Leases, for which Guarantor is obligated, include the past due amounts and the balance of future Rents and other charges for the full remaining term of the Leases, which are in excess of $5.5 million.

WHEREFORE, Plaintiffs demand judgment against the Guarantor for damages, including past due Rents and amounts under the Leases, and the balance of future Rents and other charges for the full remaining term of the Leases, which are in excess of $5.5 million, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT IV

## ACTION FOR DECLARATORY JUDGMENT

78.     Plaintiffs repeat and re-allege the allegations contained above as if fully set forth herein, and further state as follows:

79. Defendants have failed and refused to pay Rents pursuant to the Leases, based on the Covid-19 circumstances.

80. Defendants, moreover, have further advised that they are "withholding rent" and that their non-payment of Rent will continue, which is an anticipatory repudiation and breach of its ongoing payment obligations under the Leases and Guarantees.

81. While the Leases do contain a force majeure provision (Article 26.11 in the 511 Lease; 26.13 in the 1345 and 5296 Leases), the provision does not apply to these circumstances. The provision also excludes from its scope the "making of payments." Accordingly, Plaintiffs contend that since the provision is not applicable, and the Defendants' failure to pay rent is not excused, there is no contractual basis for the Defendants to avoid their obligation to pay rent.

82. Accordingly, there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

83. Declaratory relief would serve a useful and important purpose in clarifying and settling the legal relations in issue, and would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs request that this Court issue a judgment declaring (a) that the Force Majeure provision under the Lease does not excuse Defendants' obligation to pay Rent and other amounts; (b) that Defendants' failure and refusal to pay Rent based on the force majeure provision is not warranted, and constitutes a breach of the Lease; (c) that Defendants are obligated to pay Rent and other amounts due, in an amount to be determined by the Court; and (e) awarding Plaintiffs interest, costs, and attorneys' fees, along with such other and further relief as may be permitted.

Respectfully submitted,

By: /s/ *Kevin C. Kaplan*
Kevin C. Kaplan, Esq.
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 21, 2020, on all counsel or parties of record on the Service List below.

*/s/ Kevin C. Kaplan*
Kevin C. Kaplan

| SERVICE LIST *Palm Springs Mile Associates, Ltd., et al. v. Ross Dress for Less, Inc., et al.* Case No. 20-21865-CIV-MORENO/LOUIS ||
|---|---|
| **Edward Soto, Esq.** Edward.Soto@weil.com **Nicole Comparato, Esq.** Nicole.Comparato@weil.com WEIL, GOTSHAL & MANGES LLP 1395 Brickell Avenue, Suite 1200 Miami, Florida 33131 Telephone: (305) 577-3100 Facsimile: (305) 374-7159  *Counsel for Defendants Ross Dress for Less, Inc., and Ross Stores, Inc.* | **Paul R. Genender, Esq.** (*pro hac vice pending*) Paul.Genender@weil.com **Nathan White, Esq.** (*pro hac vice pending*) Nathan.White@weil.com WEIL, GOTSHAL & MANGES LLP 200 Crescent Court, Suite 300 Dallas, Texas 75201 Telephone: (214) 746-7700 Facsimile: (214) 746-7777  *Counsel for Defendants Ross Dress for Less, Inc., and Ross Stores, Inc.* |